IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MOLLY THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:05-cv-169-F |
| | ) | (WO) |
| MAUI TACOS/TIKI TAKOZ, LLC, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Molly Thomason (hereinafter "Thomason") brings this action against her former employer, Maui Tacos/Tiki Takoz, LLC (hereinafter "Tiki Takoz"), alleging claims of sexual harassment, hostile work environment and constructive discharge pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"). Thomason also alleges pendent state law claims against Tiki Takoz and defendant Kip Sitzler (hereinafter "Sitzler").

This cause is before the Court on defendants' Motion for Summary Judgment, or in the alternative, Motion to Stay Discovery and Motion for Protective Order. (Doc. # 17.) For the reasons set forth below, the motion is due to be DENIED.

### **I. FACTS AND PROCEDURAL HISTORY**

The allegations as stated in the Amended Complaint set forth the following facts. (Doc. # 12, Am. Compl.) Thomason[1] was hired in May 2004 to work for Tiki Takoz at its

---

[1] At all relevant times, Thomason was 18 years of age.

new restaurant in Auburn, Alabama. On May 26, 2004, Sitzler,[2] the primary shareholder of Tiki Takoz, contacted Thomason and informed her that he was coming to Auburn for a mandatory work meeting. Sitzler notified Thomason that she and another new male employee would be required to be present at this meeting.

Thereafter, Sitzler arrived at Thomason's apartment. Although he was aware that Thomason was under 21 years of age, Sitzler possessed a bottle of rum. Sitzler told Thomason that they would meet the other new employee at the Auburn restaurant. The new employee never appeared at the meeting. Sitzler proceeded to advise Thomason that they were going to visit the competition for the new restaurant. Sitzler and Thomason then visited several restaurants and bars in the Auburn area. During these visits to the competition, Sitzler purchased alcoholic beverages for Thomason. Thomason became intoxicated and, at some point in the evening, both Sitzler and Thomason returned to her apartment. The next morning, Thomason awakened naked and Sitzler was present in her apartment. According to Thomason, Sitzler asked her if "they were going to have sex again" and expressed to her that "she worked for him now and that is what friends do." (*Id.* at ¶ 8.)

On February 23, 2005, Thomason commenced this action against defendants Tiki Takoz and Sitzler. (Doc. # 1, Compl.) Thomason alleges that she was subjected to sexual harassment, a sexually hostile work environment and constructively discharged. (Am. Compl.) She also brings state law claims of invasion of privacy, intentional infliction of

---

[2] According to the Amended Complaint, Sitzler is approximately 50 years of age. (*Id.* at ¶ 8.)

emotional distress, assault and battery, outrage, and negligent supervision, training and retention. (*Id*.) Thomason seeks an award of back pay and front pay, compensatory damages, court costs, attorneys' fees, and declaratory and injunctive relief. (*Id*.) On May 26, 2005, Defendants filed a motion for summary judgment, or in the alternative, motion to stay discovery and motion for entry of protective order. (Doc. # 17.) Thomason filed her response to the motion on June 23, 2005 (Doc. # 22), and on June 30, 2005, Defendants filed a reply (Doc. # 24). The motion is thus ripe for this Court's review.

## II. JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. §§ 2000e to 2000e-17 (Title VII of the Civil Rights Act of 1964 as amended), and 28 U.S.C. § 1367 (supplemental jurisdiction). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## III. DISCUSSION

In moving for summary judgment, Defendants argue that this Court lacks subject matter jurisdiction because Tiki Takoz does not qualify as an employer under Title VII. In the alternative, Defendants request this Court to stay discovery and enter a protective order pursuant to Federal Rule of Civil Procedure 26(c). The Court will address these issues in turn.

*A.    Motion for Summary Judgment*

Defendant Tiki Takoz argues that subject matter jurisdiction is absent in this case because it does not qualify as an employer for Title VII purposes. (Doc. # 18, Defs.' Br. 1.) Tiki Takoz contends that it did not employ fifteen employees, as required under 42 U.S.C. § 2000e(b),[3] during any relevant time period. Moreover, Tiki Takoz contends that Thomason is not included on its payroll for any relevant time period and asserts that she was never an employee of Tiki Takoz.

In response to the motion for summary judgment, Thomason argues that no discovery has been conducted yet and thus requests the Court to allow her additional time to respond to the motion. (Doc. # 22, Pl.'s Resp.) Thomason's response invokes Federal Rule of Civil Procedure 56(f) as a ground for the requested extension and it fully complies with that rule's requirement that such motions be supported by an affidavit setting forth the reasons that a

---

[3] Under Title VII, an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . ." 42 U.S.C. § 2000e(b). "Employee" is defined as

> an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political sub-division.

42 U.S.C. § 2000e(f).

plaintiff cannot obtain affidavits containing facts essential to justify their opposition to a summary judgment motion.[4] (*Id.*, Ex. 1, Pl.'s Att'y Aff.) Thomason argues that further factual information must be obtained on the issue of Tiki Takoz's liability under Title VII because there were two other restaurants owned and operated by Defendants in Alabama[5] at the time her claims arose. She also asserts that Defendants have numerous restaurants in Georgia and Florida which should be considered when calculating the number of employees for Title VII liability. Thomason implores the Court for the opportunity to conduct discovery to ascertain whether these other restaurants and entities should be considered for purposes of calculating the jurisdictional requirements of Title VII.

The Court finds that Thomason's representations present an adequate basis for relief pursuant to Rule 56(f). Whether a defendant meets Title VII's definition of an "employer" is a threshold jurisdictional issue. *See Owens v. S. Dev. Council*, 59 F. Supp. 2d 1210, 1213 (M.D. Ala. 1999) (citations omitted). "A plaintiff must show that her 'employer' had fifteen or more employees for the requisite period provided under the [statute] before her [Title VII]

---

[4] Rule 56(f) provides that

> [s]hould it appear *from the affidavits* of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f) (emphasis added).

[5] According to Thomason, these other restaurants were located in Hoover and Birmingham. (Pl.'s Resp. 3.)

claims can be reached." *Id*. (citation omitted). "Therefore, whether a defendant is an 'employer' is dependent upon whether it employs the requisite number of employees." *Id*. Because the determination of this vital jurisdictional inquiry is contingent upon evidence, the Court finds that Thomason should be able to conduct discovery and should not be precluded from pursuing information and evidence to support her claims. To do otherwise would result in undue prejudice to Thomason and would not be in the interests of justice. Consequently, pursuant to Federal Rule of Civil Procedure 56(f), the Court concludes that the motion for summary judgment is due to be denied. *See* Fed. R. Civ. P. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the *court may refuse the application for judgment . . .*") (emphasis added).

B.  *Motion to Stay Discovery and Entry of Protective Order*

As an alternative to the motion for summary judgment, Defendants request a stay of discovery and entry of a protective order. Defendants assert that Sitzler is facing criminal charges which pertain to the facts in this case[6] and argue that discovery should be stayed pending resolution of those criminal charges.

The Court is not persuaded by Defendants' arguments. Although Sitzler may be facing criminal charges, Tiki Takoz is not. Sitzler's Fifth Amendment right against self-incrimination is not applicable to Tiki Takoz, the number of restaurants Sitzler owned nor

---

[6] Sitzler has been charged with unlawfully furnishing alcoholic beverages to a minor, Thomason.

the number of employees he hired. Simply put, there are many issues for which Thomason should be able to receive discovery that are not related to Sitzler's criminal charges. Because Sitzler seeks a stay of discovery generally and failed to file a motion for protective order which is directed to specific issues of discovery, the Court finds that the motion requests expansive relief which is not justified. Therefore, the motion is due to be denied.

Furthermore, Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), provide an additional basis for the Court's denial of this motion. Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to resolve discovery disputes by a good faith conference before seeking court intervention. Discovery motions filed pursuant to these Rules must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Here, Defendants failed to file the proper certification in compliance with these Rules. Their discovery motion is thus due to be denied.

## IV. CONCLUSION

For the reasons stated above, it is hereby ORDERED that on defendants' Motion for Summary Judgment, or in the alternative, Motion to Stay Discovery and Motion for Protective Order (Doc. # 17) is hereby DENIED.

DONE this 17th day of August, 2005.

                                            /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE